## MARY KELLEY *vs.* CITY OF BOSTON.

Suffolk.    November 13, 14, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Way*, Who is a traveller, Proximate cause.

In an action under Pub. Sts. c. 52, for injuries caused by a defect in a highway, it appeared, that the plaintiff's child about four years old had fallen into a catch basin about two feet square from which the cover had been removed, that the plaintiff got into the catch basin and rescued the child, and contracted rheumatic fever from standing in water and sewage about three feet deep while doing so. *Held*, that the plaintiff could not recover under the statute, because in leaving the surface of the highway she ceased to be a traveller, and, also, because the displacement of the cover was not the proximate cause of the plaintiff's exposure to the cold water. The cause was her voluntary act taken with full knowledge that the cover was not in place.

TORT under Pub. Sts. c. 52, for injuries alleged to have been caused by a defect in Smith Street in Boston consisting of a catch basin of a sewer negligently left open and uncovered. Writ dated June 14, 1899.

In the Superior Court, *Gaskill*, J. directed a verdict for the defendant, and· reported the case for the consideration of this court.    If the ruling was correct judgment was to be ordered for the defendant; otherwise, judgment for the plaintiff for $500.

*W. Burns*, for the plaintiff.

*P. Nichols*, for the defendant.

KNOWLTON, J.    This action is brought under the Pub. Sts. c. 52, for the failure of the city to keep its street reasonably safe and convenient for travellers.    The cover had been removed from the top of a catch basin about two feet square, situated· about sixty feet from the front entrance of the plaintiff's dwelling house, in the highway, close to the curbstone, at the outer edge of the sidewalk.    In the middle of the afternoon of May first, the plaintiff missed her boy who was three years and eleven months old, and went out to look for him.    When she reached the street she heard some children cry out that there was a child in the sewer.    She went to where they were standing looking down into the catch basin from which the cover had been removed.    She looked down and recognized her own child in the

water.   With the assistance of another woman who took hold of one of her hands, she got down into the catch basin and rescued the child, who was taken out unconscious and was almost drowned.   There was dirty water and sewage about three feet in depth in the catch basin, and she was in it to her waist while rescuing her boy.   As a consequence of the exposure she contracted rheumatic fever, and she now seeks to recover the damages which were thus caused.

The liability of the city under the statute which the plaintiff invokes is only to travellers.   If we assume that the plaintiff was a traveller while looking for her child and while walking to the catch basin to see what was the condition there, she voluntarily gave up her position as a traveller when she abandoned the use of the street for travel, and passed from the surface of it, which alone was fitted and intended for travel, and descended into the catch basin below.   Laudable as was her motive, she ceased to be a traveller, and put herself in another relation to the defendant, in reference to which the law imposes no liability upon cities and towns.   The case in this aspect of it is similar to *Harwood* v. *Oakham*, 152 Mass. 421, and the principles stated in that case are applicable to this.

The defence may be maintained on another ground.   The only defect in the street was the absence of the cover of the catch basin from its place.   But that defect was not the direct and proximate cause of the plaintiff's injury.   The cause was her voluntary act, undertaken with full knowledge that the cover of the catch basin was not in its place.   On account of the displacement of the cover a condition had resulted, in reference to which the plaintiff determined to make the descent.   The absence of the cover was a condition attending the plaintiff's exposure to the cold water, not the cause of it.

*Judgment on the verdict.*