[S. F. No. 9430. In Bank.—May 15, 1922.]

## JOHN NEFF, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO, Appellant.

[1] NEGLIGENCE — COLLISION BETWEEN WAGON AND STREET-CAR—FAILURE TO RING BELL—EFFECT OF—ERRONEOUS INSTRUCTION.—In an action for personal injuries resulting from a collision between a wagon and a street-car, it was error to instruct the jury that if it believed the defendant operated its car when approaching the crossing without ringing the bell, such failure was negligence in and of itself, where from the evidence it could not be said as matter of law that the motorman either was or was not negligent, or that any one act on his part constituted negligence *per se.*

[2] ID.—USE OF STREETS—ORDINARY CARE.—The duty owed by a street railway company and persons otherwise using the streets is mutual, and each is held only to the exercise of ordinary care, and as in other cases, the question whether each performed his duty under the circumstances presented is ordinarily one for the jury.

[3] ID. — NEGLIGENCE PER SE — POWER OF COURT TO DECLARE. — It is within the province of the trial court to declare that a certain

---

1.   Operating street-car at speed in excess of that prescribed by ordinance as negligence or evidence of negligence, notes, 9 Ann. Cas. 840; Ann. Cas. 1913E, 1100; 8 L. R. A. (N. S.) 1093.

state of facts constitutes negligence *per se* only when the sole conclusion that can be drawn is that there was negligence on the part of one or both of the parties.

[4] ID.—OPERATION OF STREET-CAR — OMISSION TO RING BELL — EMERGENCY OF SITUATION.—The ringing of a street-car bell at a crossing is not excused because of the emergency of the situation with which the motorman is confronted, where such emergency is created by the negligence of the motorman.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon and Kingsley Cannon for Appellant.

Jay Monroe Latimer, J. E. Pemberton and Frank M. Ayer for Respondent.

LAWLOR, J.—The defendant, United Railroads of San Francisco, appeals from a judgment in the sum of one thousand dollars against it and in favor of plaintiff, John Neff, in an action tried by jury for damages for personal injuries resulting from a collision between a bakery wagon which Neff, as an employee of Langendorff Baking Company, was driving, and a street-car of the defendant, which collision is alleged to have been caused by the negligence of defendant's servant in the operation of the car. Defendant denied the allegations of negligence on its part, and in turn alleged plaintiff to have been guilty of contributory negligence.

The accident out of which the action arose occurred at the intersection of Baker and Sutter Streets, in San Francisco, on February 11, 1918. At this point Baker Street is practically level, and Sutter Street slopes toward the east. Respondent was driving north on the east side of Baker Street in a covered wagon drawn by a team of horses. Upon arriving at the Sutter Street junction he stopped the

4. Violation of ordinance as to sounding of bells on street-cars as grounds for private action, notes, 104 Am. St. Rep. 654; 20 Ann. Cas. 152; 5 L. R. A. (N. S.) 252.

wagon to allow a west-bound Sutter Street car to pass. At that time the horses' heads were about even with the southerly property line of Sutter Street. Just before starting the team, after the west-bound car had passed, respondent looked to the west for approaching east-bound cars. His view in that direction was obstructed by a building on the southwest corner of the intersection, and was limited to about half a block. He saw no cars approaching and heard no bell or other warning, so he started north across Sutter Street, driving his team at a walk or slow trot. When the team and wagon were upon the tracks he discovered an oncoming east-bound car. He attempted to avert the collision by increasing the gait of the team, but was unsuccessful and the car struck the left rear wheel of the wagon, upsetting it, and throwing the horses to the ground. Respondent sustained injuries from the impact and from being kicked by the horses.

There was evidence that the car was going thirty or thirty-five miles an hour, although the motorman testified it was not exceeding eight. The estimates of witnesses as to how far the car went after the collision before it could be stopped varied from sixty feet to half a block.

[1] Appellant contends the trial court erred in refusing to direct a verdict in its favor upon the ground that the evidence was insufficient to establish negligence on its part, but conclusively established contributory negligence on the part of respondent; in instructing the jury on the subject of "last clear chance," which doctrine, according to appellant, is not applicable to this case, and in giving an erroneous instruction on the subject of appellant's negligence, which it is insisted constituted a charge on a question of fact.

We are of the opinion that the charge on the subject of appellant's negligence was erroneous. The instruction complained of is as follows: "The jury are instructed that if, from the evidence in this case, the jury believe that the defendant company, through its motorman or employee operating its street-car which collided with the bakery wagon driven by the plaintiff Neff, as testified to in this case, operated its said street-car on Sutter Street when approaching and close to Baker Street and about to cross said street, without ringing or sounding the bell or gong of said

car, such a failure to ring or sound the bell or gong would be negligence in and of itself.'' **[2]** The duty owed by a street railway company and persons otherwise using the streets is mutual, and each is held only to the exercise of ordinary care, and as in other cases, the question whether each performed his duty under the circumstances presented, is ordinarily one for the jury. **[3]** It is within the province of the trial court to declare that a certain state of facts constitutes negligence *per se* only when the sole conclusion that can be drawn is that there was negligence on the part of one or both of the parties. Appellant earnestly contends that the accident occurred so suddenly that it constituted such an emergency as would justify the motorman in devoting his entire energy and attention to stopping the car, and that even if it were found the bell was not rung, such a failure would be excused under the circumstances. The evidence as to the conduct of the motorman and the respondent at the time of the accident presents a sharp conflict. One of respondent's witnesses stated that the car was going thirty, another thirty to thirty-five miles an hour, and a third that it was ''coming at a most terrific rate of speed.'' These three witnesses and respondent stated they heard no warning from the car. On the other hand, the motorman testified the car was not traveling over eight miles an hour, and that he rang the bell while the car was coming down the hill, the latter statement being corroborated by the testimony of one of the passengers on the car. The motorman also testified he discovered the team just before the car arrived at the crossing; that respondent's appearance indicated he intended to stop and let the car pass; that the motorman supposed he would do so, and that when respondent, apparently oblivious of the car's approach, drove on the track, the motorman did all he could to stop the car. From this state of the evidence it cannot be said as matter of law that the motorman either was or was not negligent, or that any one act on his part, such as failing to ring the bell, constituted negligence *per se*. The case is therefore clearly one where the jury should have been allowed, from all the evidence, to find whether or not appellant was negligent. It may have been, as argued by appellant, that an emergency existed in which the exercise of ordinary care demanded an immediate stopping of the

car, and not the sounding of a warning. The jury might have so found, if they concluded respondent was free from negligence, in determining whether any act of the motorman which was a contributing cause of the injury constituted negligence. Such a situation might also have been found to have existed, assuming, as claimed by appellant, that respondent was guilty of contributory negligence, in deciding whether or not the motorman exercised ordinary care to avail himself of a possible last clear chance to avoid the accident. In neither case was the jury given an opportunity to determine whether such an emergency existed, for they were in effect told by this instruction that, no matter what the circumstances were, a failure to ring the bell was in and of itself negligence. It was therefore a charge on a question of fact. Inasmuch as the jury may have relied on this instruction in reaching the verdict, it cannot be said appellant was not prejudiced by it.

[4] Since there must be a new trial of the action it may be well to call attention to certain other matters. No attempt was made to prove any local ordinances covering either the lawful rate of speed or the ringing of the bell on street-cars. As the evidentiary situation may be different upon the retrial it will not be necessary to pass upon the contentions of appellant that the trial court erred in refusing to direct a verdict in its favor upon the ground of the insufficiency of the evidence, and in charging the jury on the doctrine of the last clear chance. Appellant argues that because of the emergency of the situation with which the motorman was confronted he was excused from ringing the bell. But this would have no force if it were found the emergency was created by the negligence of the motorman, such, for instance, as the operation of the car at an excessive rate of speed. (*Davis* v. *Durham Traction Co.,* 141 N. C. 134 [53 S. E. 617].)

Judgment reversed.

Wilbur, J., Lennon, J., Sloane, J., Shurtleff, J., and Shaw, C. J., concurred.