[Civ. No. 5798.  First Appellate District, Division Two.—June 7, 1927.]

MARGARET L. BALDWIN, Appellant, v. PACIFIC AUTO STAGES, INC., Respondent.

WM. BERNZOTT, Appellant, v. PACIFIC AUTO STAGES, INC., Respondent.

[1] APPEAL—EVIDENCE—FINDINGS.—In actions for damages for personal injuries, where the only ground urged on appeal was that the evidence was insufficient to support findings that defendant was not negligent and that both plaintiffs were guilty of contributory negligence, if there was any competent evidence in the record to support either finding, the judgment must be affirmed.

[2] NEGLIGENCE — COLLISION OF AUTOMOBILE AND PASSENGER BUS — CONTRIBUTORY NEGLIGENCE—EVIDENCE—FINDINGS.—In these actions for damages for personal injuries resulting from a collision between plaintiffs' automobile and defendant's passenger bus, the evidence was sufficient to support findings that the plaintiff driver of the automobile was contributorily negligent in parking his car along the highway without lights and suddenly flashing on the lights as he drove the car diagonally across to the left side of the highway and into the approaching bus.

[3] ID.—PROXIMATE CAUSE—INTOXICATION—CONTRIBUTORY NEGLIGENCE. In such actions, where it was claimed that plaintiffs' intoxication not only contributed to the accident, but was the direct cause of it, the rule that intoxication under certain circumstances does not constitute contributory negligence is inapplicable.

---

(1) 4 C. J., p. 877, n. 80.  (2) 42 C. J., p. 1238, n. 49.  (3) 29 Cyc., p. 534, n. 42.

APPEALS from judgments of the Superior Court of the City and County of San Francisco. H. D. Burroughs, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Walter E. Dorn for Appellants.

John Ralph Wilson for Respondents.

NOURSE, J.—The plaintiff Bernzott sued for damages to his automobile caused by a collision with a passenger bus operated by the defendant on the public highway near San Carlos. The plaintiff Baldwin, a passenger riding with Bernzott at the time of the collision, sued for personal injuries. Both causes were consolidated for trial and were heard on the same evidence. The trial was had before the court sitting without a jury and resulted in judgments for the defendant in both cases. The plaintiffs have appealed on a joint bill of exceptions.

[1] The only ground urged on the appeal is that the evidence is insufficient to support the finding that the defendant was not negligent and the finding that both plaintiffs were guilty of contributory negligence. Either finding would support the judgments, and, under the well-known rule, if there is any competent evidence in the record to support the findings the judgments must be affirmed.

[2] The plaintiff Bernzott was driving a Buick car up from San Jose going toward San Francisco at about 8:30 P. M. on November 19, 1920. With him at the time were his brother, the brother's wife, and Mrs. Baldwin. As they neared San Carlos an autobus, operated by the defendant corporation and traveling southerly from San Francisco, collided with plaintiff's car near the middle line of the highway. Mrs. Baldwin suffered some personal injuries caused by glass flying from the broken windshield. The other occupants of the plaintiff's car were not injured. Both complaints charged the defendant with negligence upon the specific ground that the autobus was being operated on the wrong side of the highway. The trial court found that this allegation was not true and also found that, at the time of the accident, the plaintiff's car was driven on the left, or wrong, side of the highway.

Evidence was offered to show that as the bus was traveling south it was preceded immediately by a Cole sedan and

by a Ford which suddenly pulled up and stopped near the right-hand outer edge of the highway; that the Cole swung sharply to the left to pass the Ford and the driver of the bus followed the Cole to a point near the middle of the highway; that the Buick, driven by Bernzott, suddenly flashed on its lights and approached from the left-hand side of the highway, running diagonally across the highway until struck by the autobus. It was shown that when the collision occurred the autobus was alongside of the parked Ford; that it had been compelled to turn into the middle of the highway to avoid a collision with the Ford; that the other side of the highway was clear and free of all traffic, and that the collision might easily have been avoided if the plaintiff Bernzott had been driving in a careful and prudent manner.

Testimony was offered that automobile tracks were seen from plaintiff's car to a point off his right-hand side of the highway; that both plaintiffs were intoxicated at the time of the collision; that the plaintiff Bernzott was in such a bad state that he was taken to the Redwood City jail and confined for the night, and that Mrs. Baldwin admitted to witnesses at the time that she had been drinking.

It was the theory of the defense that plaintiffs had parked their car off the right-hand side of the highway with the lights out for ''another little drink''; that as it was driven on to the highway the lights were suddenly flashed on and the car was driven into the approaching bus. In support of this theory testimony was offered to show that all the members of plaintiff's party had been drinking, that after the collision one of them hid a bottle of wine near a telegraph pole beside the highway, and that this was recovered and turned over to the traffic officer.

[3] On this appeal the plaintiffs point out that all the testimony tending to prove intoxication was denied and they insist that we should rule that the preponderance of the evidence is with them. This was the function of the trial court and from a full examination of the record we are satisfied that it made no mistake in its finding. Cases are cited to the point that intoxication under certain circumstances does not constitute contributory negligence. The rule is not applicable to a case where, as here, it is claimed

that the intoxication not only contributed to the accident, but was the direct cause of it.

Judgments affirmed.

Sturtevant, J., and Koford, P. J., concurred.