[Civ. No. 6885. First Appellate District, Division One.—June 24, 1930.]

AGNES I. BROOKS, as Administratrix, etc., Appellant, v. CITY OF MONTEREY (a Municipal Corporation), Respondent.

.W. H. Metson and E. B. Mering for Appellant.

Argyll Campbell and J. A. Bardin for Respondent.

THE COURT.—An action by the administratrix of the estate of Egbert William Brooks, deceased, against the City of Monterey to recover damages for the death of the deceased alleged to have been caused by the defective condition of a street within the municipality. A jury returned a verdict for the defendant, and from the judgment entered thereon the plaintiff has appealed.

It is contended that contributory negligence, upon which defendant relied as one of its defenses, was not pleaded, and also that the defense was not available in the present action; further, that the evidence was insufficient to support the verdict, and that the court erred in certain of its instructions to the jury, and by refusing others asked by the plaintiff.

The City of Monterey is a municipal corporation operating under a freeholders' charter. The street on which the accident happened is called Reeside Street, its northeasterly terminus being at the edge of a declivity about thirteen feet in height above the waters of Monterey Bay. From this point the street, which is paved and curbed, extends southwesterly for about four and one-half blocks. The complaint alleged that from September 16, 1924, until the day of the accident the terminus of the street was unlighted,

unguarded, without barriers, signs, notices or a watchman, by reason of which the street was in a dangerous and defective condition; that during all of said times the city manager, the street superintendent and the council of the city had knowledge and notice of the condition described, but failed and neglected to remedy the same within a reasonable time after receiving such notice and knowledge. It was further alleged that at about 3 o'clock A. M. on October 11, 1925, the decedent "was traveling in his automobile on said Reeside street and was wholly unaware of said dangerous and defective condition, and was proceeding with due care for his own safety without fault on his part, and while so traveling drove over said precipice into the Bay of Monterey by reason of said unlighted and unguarded condition of said street, and as a result lost his life . . . ''

The answer, after denying the existence of the conditions described in the complaint or that the officers of defendant had notice or knowledge thereof, alleged as a further answer ''and as and for a separate and distinct plea of contributory negligence'' the following: ''That the said Egbert William Brooks was at the time and place alleged in said third amended complaint driving the said automobile upon said Reeside street, a public highway in said city of Monterey, county of Monterey, state of California, while he was then and there under the influence of intoxicating liquor; that he was driving said automobile at an excessive rate of speed and in a reckless manner, and that said Egbert William Brooks failed to use due care or caution under the circumstances for the protection of himself and said automobile, and that said Egbert William Brooks was generally negligent and careless in and about the operation and control of said automobile at said time and place, and so carelessly, negligently and improperly managed said automobile that by reason thereof, defendant is informed and believes and on such information and belief alleges, that said automobile was propelled across said Reeside avenue to the left-hand side of the highway of said Reeside street in the direction in which said Egbert William Brooks was then and there traveling and, across the sidewalk on the left-hand side of said Reeside street, and that, without any fault on the part of the defendant and by want of due care in the management of said automobile by said

Egbert William Brooks, said automobile was propelled over a precipice into the Bay of Monterey at a point northeasterly of said termination of said Reeside street, and thereby said Egbert William Brooks lost his life, which said acts of carelessness and negligence on the part of said Egbert William Brooks proximately contributed to the death of said Egbert William Brooks and to the alleged damages, if any there were.''

In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties (sec. 452, Code Civ. Proc.; *Estate of Wickersham,* 153 Cal. 603 [96 Pac. 311]). It is the rule that contributory negligence, if relied upon as a defense, must be specially pleaded. The facts constituting such negligence must be alleged, and must show a causal connection with the injury (*Crabbe* v. *Mammoth Min. Co.,* 168 Cal. 500 [143 Pac. 714]); but the defense, while in effect a plea in confession and avoidance (*Gett* v. *Pacific Gas & Elec. Co.,* 192 Cal. 621 [221 Pac. 376]), does not require the defendant to confess negligence before setting up the negligence of the plaintiff as a defense (*Hoffman* v. *Southern Pac. Co.,* 84 Cal. App. 337 [258 Pac. 397]; 29 Cyc., Pleading, 582; 1 Thompson on Negligence, 2d ed., sec. 390, p. 375; Elliott on Railroads, 3d ed., sec. 2805). Appellant insists, however, that in the absence of a confession of negligence by the defendant the above pleading was but a denial of negligence on its part, and insufficient as a plea of contributory negligence. In this connection stress is laid upon the allegation that ''without any fault on the part of the defendant and by want of due care in the management of said automobile . . . '' said automobile was propelled over a precipice into the Bay of Monterey. It is plain that the averment that defendant was ''without any fault'' refers to the management of the automobile and not to the alleged failure of the defendant to maintain the street in a safe condition. The pleadings stated facts having a causal connection with the injury which were sufficient within the rule stated in *Crabbe* v. *Mammoth Min. Co., supra,* to constitute a plea of contributory negligence. While it has been held that the defense of contributory negligence is not applicable to an action sounding in nuisance (46 Cor. Jur., Nuisances, sec.

29, p. 665; *Bowman* v. *Humphrey*, 132 Iowa, 234 [11 Ann. Cas. 131, 6 L. R. A. (N. S.) 1111, 109 N. W. 714]), it is not claimed that the defendant owned or controlled the land at the foot of the declivity, or was in any way responsible for the dangerous condition existing at the terminus of the street other than that it failed to maintain barriers at that point reasonably sufficient to prevent accidents, or to light or otherwise guard the same. The statutory definition of a nuisance is "anything which is injurious to health or is indecent or offensive to the senses or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use in the customary manner of any . . . public park, square, street or highway . . . " (Civ. Code, sec. 3479). And so far as shown, no condition within the above definition was created or maintained by the defendant, plaintiff's sole ground for complaint being that the defendant, after its officers had notice or knowledge of the condition, neglected to provide barriers or other means reasonably sufficient to prevent injury to those using the street (Stats. 1923, p. 675). ▇ That the liability under the above act of a county, municipality or school district for injuries resulting from the dangerous or defective condition of the public streets, highways or property is based upon the negligence of its agents or servants, and that contributory negligence is a defense to such actions, was in effect held in the following cases: *Huff* v. *Compton City School Dist.*, 92 Cal. App. 44 [267 Pac. 918]; *Gorman* v. *County of Sacramento*, 92 Cal. App. 656 [268 Pac. 1083]; *Dawson* v. *Tulare Union High School Dist.*, 98 Cal. App. 138 [276 Pac. 424]. ▇ Moreover, the rule is general that the liability of a municipal corporation for injuries from defects or obstructions in its streets is for negligence only; that it is not an insurer of the safety of travelers, but is required to exercise ordinary care to maintain its streets in a reasonably safe condition for those using them in a proper manner, and that contribtuory negligence precludes a recovery (43 Cor. Jur., Municipal Corporations, sec. 1785, pp. 998, 999; *Laney* v. *Chesterfield County*, 29 S. C. 140 [7 S. E. 56]; *Bush* v. *Wathen*, 104 Ky. 548 [47 S. W. 599]; *Quimby* v. *Woodbury*, 63 N. H. 370; *Giffen* v. *City*

*of Lewiston,* 6 Idaho, 231 [55 Pac. 545]; *Kelley* v. *Boston,* 180 Mass. 233 [62 N. E. 259]; McQuillin on Municipal Corporations, 2d ed., sec. 2820; Elliott on Roads and Streets, 4th ed., sec. 1153).

Evidence was received tending to show that decedent was intoxicated during the evening previous to the accident, and in this connection the plaintiff proposed an instruction stating in substance that if the jury found that the terminus of the street was in a dangerous and defective condition, that it was neither lighted nor guarded in a manner sufficient to warn travelers of its condition, and that one driving thereon and using ordinary care for his own safety would be likely to drive over the precipice, then the fact that the decedent was under the influence of intoxicants at the time of the accident could not be considered as contributory negligence. This instruction was refused. While the intoxication of the decedent was no excuse for negligence on the part of the defendant (*Robinson* v. *Pioche et al.,* 5 Cal. 461), and it has been held that mere abstraction or lack of attention to the dangerous condition of a public way, even by one intoxicated, cannot be assigned as contributory negligence, nevertheless, evidence of the decedent's physical or mental condition due to intoxication was relevant to the issue of contributory negligence (*Brkljaca* v. *Ross,* 60 Cal. App. 431 [213 Pac. 290]; *Baldwin* v. *Pacific Auto Stages, Inc.,* 83 Cal. App. 635 [257 Pac. 130]; 45 Cor. Jur., Negligence, sec. 551, p. 997), and the court accordingly gave the following instructions, which clearly stated the rule and fully covered the instruction offered by the plaintiff: "The mere fact that one goes upon the highway in an intoxicated condition and is injured while driving his automobile over an embankment is not of itself proof of negligence of such driver, but such intoxicated condition may be considered together with all the other facts and circumstances of the accident in order to determine whether or not the person so injured was guilty of negligence."

The plaintiff also offered the following instructions, which were refused: "If you find by a preponderance of evidence that Reeside street at its termination in the bay was on the morning of October 11, 1925, at the time of the accident in a dangerous and defective condition by reason of a declivity there, and that said dangerous and defective con-

dition was unguarded or unlighted, and you further find by a preponderance of evidence that the governing board or council of the City of Monterey, or R. M. Dorton, the city manager, or Manuel S. Perry, the street superintendent of the City of Monterey, then and there had knowledge or notice of said dangerous and defective condition, and that at said time said officers of said city, or any of them, had such notice or knowledge or notice of such condition for a reasonable time prior to the happening of said accident in which to remedy such condition, or in which to take such steps as might be reasonably necessary to protect the public against such dangerous and defective condition, and you find by a preponderance of evidence that they or any of them failed or neglected to take such steps as might be reasonably necessary to protect the public against such dangerous and defective condition, and if in addition to them you further find that at said time said deceased was traveling in his automobile upon said street, and was at said time using ordinary care for his own protection, and ran over said street and said declivity into the bay and thereby lost his life, then I instruct you that the plaintiff is entitled to recover from the defendant. I further instruct you that at said time it is presumed that said deceased was using ordinary care, and the burden is on the defendant to prove that the deceased was not using ordinary care.'' ''I further instruct you that if you find that said deceased suddenly discovered when a few feet from the precipice that he was in danger, and, in order to avoid danger, turned his automobile to the left and ran across the sidewalk and then over the precipice, and thereby lost his life, and that in so doing he was making the best endeavor that a reasonable man could make under the circumstances, then I instruct you that the plaintiff is entitled to recover.''

The first of the above instructions was covered by others given by the court. As to the second, while it is the rule that one who, without negligence on his part, is suddenly confronted with imminent danger is required to act only as a reasonably prudent person would act under the same circumstances (19 Cal. Jur., Negligence, sec. 36, p. 598), the rule can be invoked only by those whose position of peril is not caused by their own want of due care (*Neff* v. *United Railroads, etc.*, 188 Cal. 723 [207 Pac. 243];

*Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066]), and where, as here, there was evidence tending to show that decedent's perilous position was due to his own negligence the omission therefrom of this qualification was sufficient ground for the rejection of the proposed instruction (*Mc-Rae* v. *Erickson*, 1 Cal. App. 326, 329 [82 Pac. 209]; *Vedder* v. *Birely*, 92 Cal. App. 52 [267 Pac. 724]).

The record shows that at 2 o'clock P. M. on Saturday, May 26, 1928, after the cause had been submitted to the jury, they were at their request brought into court, and in the presence of counsel the following occurred: A juror: "Your honor, we want to know if it would make any difference to the City of Monterey's liability—the fact of this car going off the sidewalk, or had it gone off the street. The evidence shows that the car did not go off the street. We are agreed upon that." The court: "What you want to know is whether it would make any difference that the car, if it did, go off the street before reaching the end of Reeside avenue?" A juror: "No, we want to know if it will make any difference in the city's liability if it had gone straight off the end of the street, or as it did go, off the sidewalk and on private property." The court: "I wonder if you gentlemen can agree upon the testimony. . . . I think the testimony upon that point was that it was undisputed that part of the automobile while traveling after it struck the curb, was on private property, and part was in Reeside avenue." A juror: "Yes, we are agreed upon that testimony." Upon objection by counsel for respondent that no new instructions might properly be given on a holiday the court declined to do more than read portions of its previous charge to the jury. Appellant offered an instruction on the question asked by the juror, and upon the above objection being sustained requested that the trial be continued to the following Monday for re-argument, which motion was denied.

Section 134 of the Code of Civil Procedure provides that "no court other than the Supreme Court must be open for the transaction of judicial business on any of the holidays mentioned in section 10 except for the following purposes: 1. To give upon their request instructions to jury when deliberating upon their verdict. . . . " It is clear from the language of the section that it was designed

to meet situations of the kind here presented; and there can be no reasonable doubt that a court is empowered, if requested by a jury deliberating on their verdict, to give on any day all instructions properly applicable to the case (Code Civ. Proc., secs. 134, 614), and it is immaterial that the same have not been previously given.

The evidence established the fact that at a point about forty feet from the terminus of the street the automobile left the pavement, passed over the curb to the sidewalk, and proceeded toward the declivity with its left wheels on private property, and the right wheels upon the sidewalk. The inference might reasonably have been drawn from the circumstances shown that decedent, realizing his danger, attempted to turn his automobile to the left in order to avoid the declivity. Had the jury also found, as they might have, that decedent's position of peril was not due to his previous negligence, the evidence would have supported the conclusion that his acts in attempting to escape the danger were those of a prudent person under similar circumstances.

The fact that the deceased passed over private property to escape a sudden peril due not to his own want of care, but to the negligence of the defendant, would not relieve the latter from liability. It is clear from their inquiries that the jury was in doubt as to the legal effect of the course pursued by the deceased, and it is not improbable that they concluded that the defendant, notwithstanding its negligence, was thereby absolved from responsibility. While the court was not bound to give any particular instruction, it was nevertheless its duty to instruct upon all issues upon which evidence had been adduced, and appellant was entitled to proper instructions bearing upon any legitimate inference which might be drawn from the evidence (*Thomas* v. *Visalia Elec. R. R. Co.*, 169 Cal. 658 [147 Pac. 672]). The record discloses no instruction on the question asked by the jury, nor does it set forth the instruction proposed in that connection by appellant, but the court having refused to entertain the offer or give any new instructions, no further action by appellant was required.

After a careful review of the entire record, including the evidence, we are satisfied that the question should have been answered, and are of the opinion that the failure to do

so was prejudicial to the substantial rights of appellant, resulting as a reasonable probability in a miscarriage of justice.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 21, 1930.