[Civ. No. 9264.  First Appellate District, Division Two.—September 13, 1934.]

AGNES I. BROOKS, as Administratrix, etc., Appellant, v. CITY OF MONTEREY (a Municipal Corporation), Respondent.

W. H. Metson, E. B. Mering and Charles B. Rosendale for Appellant.

Bardin, Harrington & Bardin and Argyll Campbell for Respondent.

STURTEVANT, J.—This is the second appeal in the above-entitled action. The facts are fully set forth in the opinion determining the first appeal. (*Brooks* v. *City of Monterey,* 106 Cal. App. 649 [290 Pac. 540].) When the case went back for a new trial the hearing was had on the same pleadings before the trial court sitting without a jury. The trial court made findings in favor of the defendant and from the judgment entered thereon the plaintiff has appealed and has brought up the judgment-roll. In her pleading, among other things, the plaintiff alleged:

"4. That prior to the great oil fire which occurred in the City of Monterey on the 14th, 15th and 16th of September, 1924, said Reeside street at said abrupt termination was protected against said precipice by a barrier across said street; that said fire consumed said barrier, and said barrier was not replaced until some time after the 11th day of October, 1925.

"5. That during all times from the 16th day of September, 1924, until the 11th day of October, 1925, and for several days thereafter said terminal of said Reeside street was unlighted, unguarded, and without barriers, signs, notices, watchman, or any protection against said precipice, and by reason of being unlighted, unguarded, and without barriers, signs, notices or any protection against said precipice, was in a dangerous and defective condition, as herein alleged. That during all of said times R. M. Dorton was city manager of said City of Monterey, and Manuel S. Perry was the street superintendent of said City of Monterey and that during all of said time said R. M. Dorton and said Manuel S. Perry, and the council of the said City of Monterey had authority and the power to remedy such condition and during all of said time said R. M. Dorton and said Manuel S. Perry and said council had knowledge and notice of said dangerous and defective condition of said

Reeside street and during all of said time said R. M. Dorton and said Manuel S. Perry and said council failed and neglected for a reasonable time and at all times after acquiring such knowledge and receiving such notice to remedy such condition, and failed and neglected for a reasonable time and at all times after acquiring such knowledge and receiving such notice to take such steps as might be reasonably necessary to protect the public against said dangerous and defective condition and each and all of said parties failed to remedy or to take steps to remedy such condition.''

No allegation of defective plan or plans was pleaded. In its answer the defendant pleaded the contributory negligence of the plaintiff.

In its findings, among other things, the trial court found: ''7. As to the alleged contributory negligence of said decedent the court finds: That the said Egbert William Brooks was at the time and place alleged in said third amended complaint driving the said automobile upon Reeside street, a public highway in the City of Monterey, County of Monterey, State of California, while he was then and there under the influence of intoxicating liquor; that he was then driving said automobile at an excessive rate of speed, and in a reckless manner, and that said Egbert William Brooks failed to use due care or caution under the circumstances for the protection of himself and said automobile, and that said Egbert William Brooks was generally negligent and careless in and about the operation and control of said automobile at said time and place, and so carelessly, negligently, and improperly managed said automobile that by reason thereof said automobile was propelled across said Reeside street to the left hand side of said street in the direction in which said Egbert William Brooks was then and there traveling, and upon a portion of the sidewalk on said left hand side of said Reeside street, and by want of due care in the management of said automobile by said Egbert William Brooks, and by reason of the negligent and careless management and control of said automobile by said Egbert William Brooks said automobile was propelled over the said embankment into the Bay of Monterey, thereby losing the life of said decedent which said acts

of carelessness and negligence on the part of said Egbert William Brooks proximately contributed to his death.''

The plaintiff claims that the court erred in holding that intoxication was a defense in an action to recover damages resulting from the dangerous and defective condition of the public highway. An examination of the finding made by the trial court discloses that it did not so hold.

It is next asserted that after holding that the termination of Reeside Street was in a dangerous and defective condition, the court erred in holding that there could be contributory negligence on the part of the deceased when he was intoxicated. The plaintiff cites and relies on *Barry* v. *Terkildsen,* 72 Cal. 254 [13 .Pac. 657, 1 Am. St. Rep. 55]. The citation does not support the contention.

It is next claimed that after holding that the street was in a dangerous and defective condition, that it was paved and partly lighted, the court found that a reasonably prudent man would have discovered the declivity in time to save himself and that this was error. As quoted above the findings of the court were not as contended.

The plaintiff next asserts that ''After finding that the deceased was intoxicated; that Reeside street was in a dangerous and defective condition; and that the street was paved and partly lighted, the court found that the deceased was negligent. This is error on its face because where these conditions existed the deceased cannot be negligent.'' In support of the claim the plaintiff cites *Barry* v. *Terkildsen, supra,* and *Brooks* v. *City of Monterey, supra.* Neither citation supports the contention. *Curtis* v. *Kastner,* 220 Cal. 185 [30 Pac. (2d) 26], filed after the briefs in the instant case, but cited at the time of the argument, states the rule to the contrary.

It is next claimed that the court erred in rendering judgment for the defendant because the street was maintained upon a plan of construction that was defective and in the nature of a nuisance and that where the defect is in the nature of a nuisance there can be no defense of contributory negligence. The pleadings in the instant case did not tender an issue to the effect that the street was maintained upon or constructed upon a defective plan, and the court made no finding on the subject.

■ The last point made by the plaintiff is that in the opinion rendered on the first appeal it was held that the intoxication of the deceased was no excuse for the negligence of the defendant and that mere abstraction and lack of attention cannot be assigned as contributory negligence and that such is the law of the case and the court erred in not following that law. As shown above, the finding of the court was not based solely on intoxication, but on many facts (45 C. J. 997), and it was entirely within the doctrine of *Brooks* v. *City of Monterey, supra.*

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 5, 1934.

Spence, J., *pro tem.*, did not participate therein.