[No. 9664.    Department Two. — April 25, 1887.]

MARGARET BARRY, RESPONDENT, v. CHRISTIAN TERKILDSEN, APPELLANT.

NEGLIGENCE — DEFECTIVE SIDEWALK — LIABILITY FOR INJURY CAUSED BY. — The action was brought to recover damages for personal injuries caused to the plaintiff by falling down a hole in the sidewalk of a populous street in the city and county of San Francisco, in front of the defendant's premises. The hole was used by the defendant, without any license from the city authorities, for his own convenience, and had a wooden trap-door. An ordinance of the city and county prohibited the use of wooden coverings for excavations in the sidewalks. At the time of the accident, the plaintiff was rapidly walking along the sidewalk, when, her attention being momentarily called in another direction, she fell into the hole, which was then entirely uncovered and unprotected. The plaintiff had frequently passed along the sidewalk at that place, but had no knowledge of the existence of the hole. On the trial, the evidence failed to show who had removed the trap-door. Held, that the plaintiff was not guilty of contributory negligence.

ID. — NUISANCE — EVIDENCE OF NEGLIGENCE. — Held further, that the hole was in the nature of a nuisance on account of the constant danger which it presented to passers-by, and that the defendant was liable for the injury without proof that either he or his servants had removed the trap-door.

ID. — REPAIR OF SIDEWALK — NEGLIGENCE OF INDEPENDENT CONTRACTOR. — The fact that a few days before the accident the defendant employed a carpenter to repair the trap-door, and that his negligence contributed to the accident, does not relieve the defendant from liability, although the carpenter was an independent contractor.

ID. — SIDEWALK PRESUMED TO BE SAFE. — A person walking along the sidewalk of a street in a city, not near a crossing, has a right to assume that the place is safe.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. M. Husted,* for Appellant.

*J. D. Sullivan,* and *H. G. Platt,* for Respondent.

McFarland, J. — Plaintiff, a girl about nineteen years old, started somewhat in a hurry from her father's house, about nine o'clock in the morning of October 11, 1880, to go to school. Appellant owned the adjoining premises, and in the sidewalk in front of said premises there was a hole covered by a wooden trap-door, which appellant used for his private convenience. This hole was only a few feet from the entrance to the residence of plaintiff's father. On the morning above referred to this hole was opened, and entirely unguarded and unprotected. As plaintiff went out of the house her attention was attracted for a moment by some children playing on the street, and not noticing the hole, after taking a couple of steps she fell headlong into it. The hole was quite deep, and plaintiff was very seriously injured by the fall. She had been accustomed to travel over this sidewalk daily on her way to and from school, and never knew before that the hole was there. The premises are on Post Street, — a populous street of the city of San Francisco. The evidence did not show who had removed the trap-door from the top of the hole. The jury found a verdict in favor of plaintiff for three thousand dollars, and defendant appeals from the judgment, and from an order denying a new trial.

Appellant makes many of the points which are usually raised in actions for damages of the class to which the case at bar belongs.

In our opinion, there is nothing in the point that respondent was guilty of contributory negligence. A sidewalk of a street in a city not near a crossing may be taken by one passing over it to be a safe and not a dangerous place. In this case the respondent had a right to presume that the sidewalk was in the same condition in which she had always found it; and the fact that her attention was momentarily attracted in another direction, — a thing of the most common occurrence to travelers along a street, —falls far short of that contributory negligence which in law defeats an action for damages.

Most of the other points made by appellant in various forms, when grouped together, present this proposition or theory: that as respondent failed to show that appellant, or any one of his employees or servants, removed the trap-door from the hole, and did not negative the theory that a stranger might have removed it, therefore there is a want of proof of that negligence which is the gist of an action for personal damages.

To this proposition there is a multitude of authorities, more or less applicable; and they are widely divergent. We think, however, that through the numerous cases upon the subject may be seen a distinction which is determinative of the case at bar. When a person pursues a business, or does an act, perfectly lawful in itself, and not in its nature so hazardous, or so conducive to injury, as to be of the character of a nuisance, then he can be·held liable for injuries to others arising therefrom only· when he has been guilty of negligence in his manner of carrying on the business or doing the act.. But when the act is unlawful, or is in its character so hazardous as to be in the nature of a nuisance on account of the occasion for accident and injury which it continuously presents to innocent persons, then the party is liable, although the agency of a stranger may have contributed to some extent to the final catastrophe. At least, in such a case, the injured party ought not to be compelled to·

show affirmatively that there was no intervention of a third person which contributed to the result.

Whether or not appellant had any lawful authority to maintain the excavation and trap-door at all is a somewhat doubtful question; but the weight of authority seems to be to the point that he had not. There is no evidence in the case of any custom, nor does it appear whether or not appellant had the fee to any part of the street. Judge Dillon in his work on Municipal Corporations states what seems to be a fair summing up of the authorities on the subject. At section 699, speaking of the right to make "openings in sidewalks," he says: " If the fee of the street is in the municipality in trust for the public uses, as it frequently is, it extends to the whole street, including the sidewalk; and the adjoining lot-owner would, *it seems clear*, have no right, as against the public, or the municipality charged with the control of the streets, to appropriate them to this use. . . . . If the fee of the street is in the adjoining owner, as it frequently is, the question as to the rightfulness of such a use of the sidewalk may not be so plain; and yet even in this case the public right must be paramount to individual interests, and the rights of the public are not limited to a mere right of way, but extend, as we have shown, to all beneficial uses, as the public good or convenience may from time to time require. . . . . The correct view would seem to be that all rights of this character must come from legislative declaration, or municipal license, express, or implied from general usage."

Appellant showed no right from legislative declaration, municipal license, or general usage.

But if there be any principal upon which there could be based a right of appellant to maintain the excavation and trap in the absence of any municipal action upon the subject, that right would disappear before an ordinance of the city, which was introduced in evidence by respondent. The ordinance was passed in July, 1880,.

and was a re-enactment of a similar ordinance passed in May, 1866. The first part of section 6 of said ordinance is as follows: "No person shall construct, or cause or suffer to be constructed, under the sidewalk adjoining any premises belonging to him, or in his possession or under his control, any area or vault except in conformity with the following specifications." Then follows a large number of specifications, which provide with particularity how such vaults and their coverings shall be constructed, — no one of which does appellant show a compliance with. They provide for the use of stone, brick, and iron, and against the use of wood. In the latter part of the section it is provided as follows: "No aperture through the sidewalk into a vault shall exceed a superficial area of twenty-four square feet. Every such aperture shall be covered with an *iron cover*, and shall be securely closed when not in actual use." It affirmatively appears that the covering or trap-door of the vault of appellant was wooden, and that a few days before the accident he had employed a man to repair it with wooden planks. It appears, therefore, first, that appellant had no authority of law to maintain the structure; and second, that its maintenance was in direct violation of law.

Moreover, an excavation in the sidewalk of a populous street of a city, with a movable cover, liable to be removed by any careless or mischievous passer-by, is so dangerous a pitfall as to be, in its character, of the nature of a nuisance; and when not authorized by law, it would be a hard rule to require an innocent party injured thereby to prove that the injury was not caused in part by the act of a third person. No such rule is applicable to the facts of this case.

It appears that a few days before the accident, appellant employed a Mr. Krone to make a few repairs to the house situated on appellant's premises, and also to re-

pair one of the planks on the trap-door in the sidewalk, —all to cost six dollars.

There is no evidence that any act or negligence of Krone contributed to the accident; but appellant assuming, we suppose, that Krone's negligence might have so contributed, invokes the principle that the owner of premises is not responsible for the negligence of an independent contractor. But if such a trivial contract could bring that principle into action in any case, it would not, under the views herein expressed, be a defense in the case at bar.

Appellant's specific objections to the refusal of the court to grant a nonsuit, and to the giving and refusing of certain instructions to the jury, simply raise, in various forms, the questions above discussed. We think that the nonsuit was properly denied, and that the case was correctly and fairly given to the jury.

There was no error in the instructions that "plaintiff, if entitled to a verdict, is entitled to damages for her pain and suffering, both bodily and mental."

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.