[No. 15137. Department Two.—June 25, 1894.]

ANDY T. SPENCE, RESPONDENT, v. LOUIS SCHULTZ, APPELLANT.

NEGLIGENCE—UNPROTECTED EXCAVATION IN SIDEWALK—VIOLATION OF ORDINANCE—INDEPENDENT CONTRACTOR.—Where the making and maintenance of an excavation in a sidewalk is unlawful, for want of compliance with an ordinance of the city on the subject, the owner of the premises cannot relieve himself of the duty of complying with the ordinance by shifting it on to an independent contractor.

ID.—LIABILITY FOR NUISANCE.—An unprotected excavation in the sidewalk of a populous street in the city is so dangerous a pitfall as to be in the nature of a nuisance; and he who causes it to be done, knowing beforehand its nature and character, cannot escape liability to one who innocently falls into it, upon the ground that he let out the job of creating the nuisance to an independent contractor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Alexander D. Keyes*, for Appellant.

The *gravamen* of the complaint is negligence in leaving the excavation open and unguarded, and it cannot be contended, therefore, that the excavation was a nuisance *per se*. (*Kalis* v. *Shattuck*, 69 Cal. 593, 599; 58 Am. Rep. 568.) The mere fact that the defendant was the owner and in the possession of the property did not make it his duty to keep the adjoining sidewalk in a safe condition. (*Eustace* v. *Jahns*, 38 Cal. 3; *City of Rochester* v. *Campbell*, 123 N. Y. 405; 20 Am. St. Rep. 760; *Moore* v. *Gadsden*, 87 N. Y. 84; 41 Am. Rep. 352; 93 N. Y. 12; *Jansen* v. *Atchison*, 16 Kan. 358.) The work having been done by independent contractors, the defendant cannot be held liable for negligence. (*School District* v. *Fuess*, 98 Pa. St. 600; 42 Am. Rep. 627; *Eaton* v. *European etc. R. R. Co.*, 59 Me. 520; 8 Am. Rep. 430; *Allen* v. *Willard*, 57 Pa. St. 374; *Callahan* v. *Burlington etc. R. R. Co.*, 23 Iowa, 562; *Barry* v. *City of St. Louis,*

17 Mo. 121; *Burmeister* v. *Elevated R. R. Co.*, 47 N. Y.
Sup. Ct. 264; *Erie City* v. *Caulkins*, 85 Pa. St. 247; 27
Am. Rep. 642; *Cuff* v. *Newark etc. R. R. Co.*, 35 N. J. L.
17, 574; 10 Am. Rep. 205; *Reedie* v. *Northwestern R. R.
Co.*, 4 Ex. 243; *James* v. *San Francisco*, 6 Cal. 529; 65
Am. Dec. 526; *Boswell* v. *Laird*, 8 Cal. 469; 68 Am. Dec.
345; *Du Pratt* v. *Lick*, 38 Cal. 691; *Blumb* v. *City of Kan-
sas*, 84 Mo. 112; 54 Am. Rep. 87; *McKinley* v. *Chicago
etc. R. R. Co.*, 40 Mo. App. 449; *Steele* v. *Southeastern
Ry. Co.*, 16 Com. B. 549; *Chambers* v. *Ohio Life Ins. etc.
Co.*, 1 Disn. 327; *Rogers* v. *Florence R. R. Co.*, 31 S. C. 378;
*Bibbs* v. *Norfolk etc. R. R. Co.*, 87 Va. 711, 743; *O'Hale* v.
*Sacramento*, 48 Cal. 212; *Aston* v. *Nolan*, 63 Cal. 269;
*Bennett* v. *Truebody*, 66 Cal. 509; 56 Am. Rep. 117; *Bar-
ton* v. *McDonald*, 81 Cal. 265; *Smith* v. *Belshaw*, 89 Cal.
427; *Harrison* v. *Kiser*, 79 Ga. 588, 593, 594; *Scammon*
v. *Chicago*, 25 Ill. 424; 79 Am. Dec. 334; *Painter* v. *Mayor
etc.*, 46 Pa. St. 213; *Wray* v. *Evans*, 80 Pa. St. 102; *Smith*
v. *Simmons*, 103 Pa. St. 32; 49 Am. Rep. 113; *Clark* v.
*Fry*, 8 Ohio St. 358; 72 Am. Dec. 590; *Ryan* v. *Curran*,
64 Ind. 345; 31 Am. Rep. 123; *Blake* v. *Ferris*, 5 N. Y.
48; 55 Am. Dec. 304.)    The court erred in instructing
the jury that if they should find that the plaintiff was
injured, they might consider how far permanent and
lasting the plaintiff's injuries might be in their charac-
ter, as the instruction, although undoubtedly correct as
an abstract proposition, was inapplicable to the evidence
in the case.    (*Hanks* v. *Naglee*, 54 Cal. 51; 35 Am. Rep.
67; *Mendelsohn* v. *Anaheim Lighter Co.*, 40 Cal. 657;
*Filer* v. *New York Cent. R. R. Co.*, 49 N. Y. 42; *Strohm* v.
*New York etc. R. R. Co.*, 96 N. Y. 305; *Chicago City Ry.
Co.* v. *Henry*, 62 Ill. 142; *Louisville etc. R. R. Co.* v. *Mi-
nogue*, 90 Ky. 369; 29 Am. St. Rep. 378; *Curtis* v. *Roches-
ter etc. R. R. Co.*, 18 N. Y. 534; 75 Am. Dec. 258; *City
of Chicago* v. *Colman*, 33 Ill. App. 557.)

*Henley, MacSherry & Herrmann, Henley & MacSherry,
Henley & Swift, J. W. Oates,* and *S. V. Costello,* for Re-
spondent.

The contractors were in reality mere servants of the defendant, and their negligence was the negligence of the defendant, for which he is liable. (*Hexamer* v. *Webb,* 101 N. Y. 377; 54 Am. Rep. 703; *New Orleans etc. R. R. Co.* v. *Hanning,* 15 Wall. 649; *McMasters* v. *Pennsylvania R. R. Co.,* 3 Pittsb. Rep. 1; *Seattle* v. *Buzby,* 2 Wash. Ter. 25; *Faren* v. *Sellers,* 39 La. Ann. 1011; 4 Am. St. Rep. 256; *Linnehan* v. *Rollins,* 137 Mass. 123; 50 Am. Rep. 287; *Cincinnati* v. *Stone,* 5 Ohio St. 38; *Chicago* v. *Joney,* 60 Ill. 383; *Denver* v. *Rhodes,* 9 Col. 554; *St. Paul* v. *Seitz,* 3 Minn. 297; 74 Am. Dec. 753; *Speed* v. *Atlantic etc. R. R. Co.,* 71 Mo. 303; *New Orleans Co.* v. *Norwood,* 62 Miss. 565; 52 Am. Rep. 191; *Campbell* v. *Lunsford,* 83 Ala. 512.) But if it be conceded that the relationship of owner and independent contractor existed, the defendant is nevertheless liable, as the excavation was unlawful, and contrary to the municipal ordinances. (*Storrs* v. *City of Utica,* 17 N. Y. 108; 72 Am. Dec. 437; *Barry* v. *Terkildsen,* 72 Cal. 256; 1 Am. St. Rep. 55; *Baxter* v. *Warner,* 6 Hun, 585; *Ullman* v. *Hannibal etc. R. R. Co.,* 67 Mo. 118; *Rockford etc. R. R. Co.* v. *Wells,* 66 Ill. 321; *Fink* v. *St. Louis,* 71 Mo. 52; *Speed* v. *Atlantic etc. R. R.,* 71 Mo. 303; *Sessengut* v. *Posey,* 67 Ind. 408; 33 Am. Rep. 98; *Wilkinson* v. *Detroit etc. Works,* 73 Mich. 405; *Pettengill* v. *Yonkers,* 116 N. Y. 558; 15 Am. St. Rep. 442; *Brusso* v. *Buffalo,* 90 N. Y. 679; *Welsh* v. *St. Louis,* 73 Mo. 71; *Mayor etc.* v. *McCary,* 84 Ala. 469; *Jacksonville* v. *Drew,* 19 Fla. 106; 45 Am. Rep. 5; *Jefferson* v. *Chapman,* 127 Ill. 438; 11 Am. St. Rep. 136; *Springfield* v. *Le Claire,* 49 Ill. 476; *Mayor etc.* v. *Waldner,* 49 Ga. 316; *Nashville* v. *Brown,* 9 Heisk. 1; 24 Am. Rep. 289; *Robbins* v. *Chicago,* 4 Wall. 657; *Chicago* v. *Robbins,* 2 Black, 418; *Wilson* v. *White,* 71 Ga. 506; 51 Am. Rep. 269.)

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial.

This is an action to recover damages for personal

injuries sustained by respondent, and caused by his falling into a deep excavation in a sidewalk on a lot and premises owned by appellant, and situated on the corner of Washington and Kearny streets, in the city and county of San Francisco. At the time of the accident appellant was constructing a building on said lot, and an excavation about fourteen feet deep had been made in the sidewalk, and left unprotected by any barricades or lights around it. About ten o'clock, P. M., of the evening of November 19, 1889, the respondent, a stranger in the city, while walking along Washington street, fell into said excavation, and was seriously injured. He was not guilty of contributory negligence.

The main ground upon which appellant contends for a reversal is, that he had made several different contracts with several different parties by which each of said parties was to do the work, and to furnish materials necessary to the completion of particular parts of said building; that said parties were independent contractors, and not servants, of appellant; and that, therefore, the doctrine of *respondeat superior* does not apply, and the parties who made said excavation under said contracts are alone answerable for any injury which respondent may have sustained in the manner alleged in the complaint.

Counsel on both sides have argued the case in their briefs with great industry and ability, and have cited many authorities. This was highly commendable in counsel, and has aided the court to see the case from many points of view; but damage cases of this class come here quite frequently, and we cannot be expected in each case to elaborately review the whole field of authorities applicable to such cases.

Counsel for respondent argues with much force that the contracts relied on by appellant have so many conditions and reservations, and give to appellant so much revisory and controlling power over the contractors as to the employment of workmen, choice of materials, etc., as to take the case entirely out of the rule invoked

by appellant as independent contractors. But, without passing upon that point, we think that the contention of appellant must be decided against him, upon the authority of the cases of *Colgrove* v. *Smith*, 102 Cal. 220, and *Barry* v. *Terkildsen*, 72 Cal. 254, 1 Am. St. Rep. 55. In the first place, the maintenance of the excavation was unlawful, because there was no compliance with a certain ordinance of the city on that subject, and appellant could not relieve himself of the duty of complying with said ordinance by shifting it on to a contractor. (*Colgrove* v. *Smith*, 102 Cal. 220.) In the second place, an excavation like the one in the case at bar in the sidewalk of a populous street in a city is "so dangerous a pitfall as to be, in its character, of the nature of a nuisance"; and he who causes it to be done, knowing beforehand its nature and character, cannot escape liability to one who innocently falls into it, upon the ground that he let out the job of creating the nuisance to a contractor. (*Barry* v. *Terkildsen*, 72 Cal. 254; 1 Am. St. Rep. 55.)

Most of the specific points made by appellant are involved in the above propositions. We think there was sufficient evidence upon the point of the nature of respondent's injuries to warrant the court in instructing the jury that they might consider "how far permanent and lasting his injuries may be in their character"; and we see no error in the instructions to the jury in any other respect. It was not error to admit the ordinance of the city offered by respondent. There are a number of minor points made by appellant under the head of "Miscellaneous Exceptions"; but we do not think that either of such exceptions was well taken, or that either of them needs special mention.

The judgment and order appealed from are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.