Louisa Correll v. The City of Cedar Rapids, Appellant.

110   333
129   471

110   333
132   236
132   238

**Injuries to Property:** DEFENSES. The mere fact that plaintiff caused garbage and refuse to be deposited on his premises, which contributed to the offensive odors complained of, is not a defense to an action against the city for permitting garbage and refuse, which emitted noxious odors, to be dumped in a street near plaintiff's premises.

JURY QUESTION. In an action to recover damages, the question whether the injuries complained of were caused by defendant's acts is for the jury.

**Instructions:** CONSTRUING TOGETHER: *Harmless error.* In an action against a city to recover for damages to plaintiff's lots by reason of surface water and drainage wrongfully diverted by defendant into a ditch adjoining plaintiff's land, an instruction that plaintiff's measure of damages would be the difference between the value of the premises before and after the injury, though erroneous, is cured by a subsequent instruction that defendant would be liable for the injury to plaintiff's premises caused by the acts complained of, and for no more.

AND PLEA: *Injury to well.* Where complaint alleges that a drain became stagnant, and caused noxious odors to pervade said premises, greatly interfering with plaintiff's enjoyment of them, and decreasing their rental value, it is not error to permit the jury to consider the contamination of the waters of a well by noxious odors, in fixing the amount of damages.

CURE BY SPECIAL VERDICT. Where, in an action against the city to recover damages for permitting garbage and refuse to be dumped in a ditch in a street adjoining plaintiff's premises, the jury found, in answer to a special interrogatory, that plaintiff did not herself dump any garbage in the ditch, the question of whether or not the court erred in instructing the jury that, though plaintiff contributed to the creation of the nuisance complained of, she could recover for the portion of the damages caused by defendant, is immaterial.

**Special Verdict;** HARMLESS ERROR. In an action against a city for allowing garbage, which emitted noxious odors, to be dumped in

a street adjacent to plaintiff's premises, interfering with her enjoyment thereof, where the evidence disclosed that plaintiff also permitted garbage to accumulate on her lot, an answer by the jury to a special interrogatory, as to whether or not noxious odors were emitted from the garbage on plaintiff's lot, that they did not know, is not reversible error, where there was a verdict for plaintiff, since plaintiff could recover for defendant's wrongful maintenance of a nuisance, irrespective of whether or not she herself, maintained one on her own land.

*Appeal from Linn District Court.*—HON. H. M. REMLEY,. Judge.

WEDNESDAY, JANUARY 24, 1900.

THE plaintiff is owner of lots 14 and 15, in block. 10, Brown's Second addition to the City of Cedar Rapids, located on Fifth street and E avenue, wherein is what is. known as the "Vinton Ditch." She bases her claim for damages on the charge that the defendant, by turning surface water and drainage into said ditch, and permitting the street to become so obstructed as to turn the water, caused a large portion of said lots to be destroyed and washed away. In the second count of the petition she avers that the defendant caused holes and excavations to be made in the streets adjoining said lots used by her as a homestead, in which water was permitted to collect and become stagnant, and that it allowed dead animals, filth, and offensive matter to accumulate therein, and that noxious exhalations and odors were emitted therefrom, interfering with her comfortable enjoyment of the premises, and greatly depreciating its rental value. The answer was a general denial, and alleged that. the ditch had been in substantially the same condition for twenty-five years, and that, if noxious odors and exhalations, interfered with the plaintiff's use of her premises, she had directly contributed thereto. Verdict and judgment for plaintiff, from which the defendant appeals.—*Affirmed.*

*John N. Hughes* for appellant.

*Bingham & Mekota* for appellee.

LADD, J.—On the measure of damages for causing a portion of the lots to be washed away, the court told the jury that, "if you find that plaintiff is entitled to recover anything on the first count of her petition, you are instructed that the measure of her damages would be the difference in the value of her said premises as they were just before they were injured by the acts of the defendant in removing said dirt and increasing the flow of water in said ditch, if you so find, and what they were worth after that portion of said lots was washed away which would not have washed away had the defendant not performed said acts." The particular vice of this instruction, condemned in *Podhaisky v. City of Cedar Rapids*, 106 Iowa, 543, was obviated by the sixth paragraph, advising that "the defendant would be liable for the injury to plaintiff's premises caused by said acts, and for no more." Besides, there had been no improvements, as in that case, unless dumping garbage on the lots be construed as such, and the only evidence on the measure of damages related to their value immediately before and after the portion had been washed out. The plaintiff's husband testified: "The place was worth eight hundred dollars before the washing out, in 1892. It was worth three hundred dollars after the washing." The purpose to limit recovery to damages resulting from the acts of the defendant is manifest, and the jury could not have misunderstood the charge.

II. The court permitted the jury to take into consideration the contamination of the waters of the well by noxious odors in fixing the damages to be allowed, and it is said this was not included in the averments of the petition. It is there stated the acts of defendant resulted in causing "noxious exhalations and odors to pervade said premises, greatly interfering with the plaintiff's comfortable and safe enjoyment of the same," and also decreasing the rental value thereof. Certainly the well, with its waters, was a part of the premises, and pervading it, as alleged, fairly within the allegation set out.

III.   The evidence tended to show that the plaintiff had caused large quantities of garbage and refuse to be dumped on her lots, and that from this, at times, were emitted offensive odors.   The defendant requested that the jury be told that if the "plaintiff, either by herself or by her agent, added to such offensive or noxious odors or gases, by depositing or throwing offensive matter into said ditch or E avenue, or by permitting other offensive matter to be deposited on the premises in controversy, from which offensive odors or gases came, resulting in reducing the rental value of plaintiff's premises," she could not recover on the second count of the petition.   The instruction was properly refused.   If the plaintiff maintained a nuisance on her premises, that furnished no excuse to the defendant for maintaining another on the public streets.   The one was independent of the other, resulting from different acts.   In such a case, the doctrine of contributory negligence has no application.   *Randolf v. Town of Bloomfield,* 77 Iowa, 50.   The court did no more in *Cassady v. Cavenor,* 37 Iowa, 301, than apply the maxim that he who comes into a court of equity must do so with clean hands.   Whether the jury should have been told that if the plaintiff threw dead fowls in the ditch, and thereby contributed to the creation of the nuisance complained of, she could not recover, and the court erred in stating the contrary in the ninth instruction, we need not determine; for, in answer to the second special interrogatory, they especially found that neither plaintiff nor her agent had deposited in the said ditch "any dead chickens or other offensive matter which would emit odors."

IV.   To a special interrogatory inquiring whether offensive odors were emitted from the garbage and refuse dumped on plaintiff's lot, the jury answered, "We don't know."   It is asserted that the defendant was entitled to a new trial because of this failure to respond categorically.   The inquiry, however, does not call

for an ultimate fact. Without any finding of the kind, the verdict might have been reached. As said in *Read v. Insurance Co.,* 103 Iowa, 319: "The fact to be found must be one inhering in, and necessary to determine in arriving at, the general verdict." As it would not have been error had the court refused to submit the interrogatory, an answer was not essential. *Garretty v. Brazell,* 34 Iowa, 104.

V. There was evidence that collateral ditches were turned into the Vinton ditch, and of the removal of land by the city within five years prior to the beginning of the action. Whether the particular injuries complained of resulted therefrom was a question for the jury to determine.—AFFIRMED.

GRANGER, C. J., not sitting.