[L. A. No. 14552.   In Bank.—February 28, 1934.]

GLADYS CURTIS, Appellant, v. ELLA I. KASTNER, Respondent.

Edward T. Lannon for Appellant.

Chester C. Kempley for Respondent.

SEAWELL, J.—In this action the trial court, sitting without a jury, found that the injury for which plaintiff sought to recover damages was proximately caused by her negligence and failure to exercise ordinary care for her own safety. Plaintiff struck her head with great violence against a projecting rafter of defendant's garage, which rafter she failed to observe, and thereby sustained injuries to her neck and spine, including a chip fracture of the fifth cervical vertebra.

Both plaintiff and defendant reside in the block bounded by Torrey Road, Prospect Street, Virginia Way and Exchange Street in La Jolla Park, city of San Diego, this state. Said block is bisected by a paved alley twenty feet in width, known as Bluebird Lane, which runs from Prospect Street to Exchange Street. Plaintiff resides on Virginia Way in the middle of the block. Defendant's residence is at the corner of Torrey Road and Prospect Street, and fronts on Torrey Road. Defendant's garage, at the rear of her lot, faces Prospect Street and is placed back some distance from the property line on said street. The side wall of the garage building is inside defendant's rear property line on said alley, but the sloping eaves and rafters of the garage, extending from a center ridge pole, project beyond the side wall of the garage and into the alley approximately fifteen inches at the front of the garage and seventeen inches at the rear. The edge of the roof is at a height of five feet seven and three-quarters inches above the pavement of Bluebird Lane. The rafters which support the roof are plainly visible

beneath it. The thirteen rafters, which are of six-inch lumber, are sawed off at a sharp angle as they reach the edge of the roof, with the result that each board terminates with a sharp point. This point is six inches lower than the roof and projects slightly beyond the edge of the roof. The pointed end of the first rafter at the front of the garage is at a height of five feet one and three-quarters inches above the pavement of the alley.

Bluebird Lane is used in the manner in which rear alleyways are ordinarily used. Residents of the block drive in and out of their garages via the alley, and it is generally used by tradesmen. Telephone poles are placed along the sidelines and garbage containers commonly stand in the alley. It has no sidewalks.

Plaintiff had resided in the block approximately six weeks before she sustained the injury which gave rise to the present action. On July 15, 1928, at about 3:30 o'clock in the afternoon, she and her husband and niece had driven out through the alleyway onto Prospect Street, with the intention of taking the niece, a visitor from the east, on a sightseeing drive. Plaintiff observed that their dog, a puppy, was following the car. She testified: "We stopped, I got out of the machine, went around and back of the machine to get the dog; we hadn't had him very long, he was quite a puppy. I was the only person he would follow, so I couldn't catch him, so I kept on following him along, and jollying him along, and I ran so he would run with me, and I ran along the alley with my head down, looking at him." As she was running along with her eyes focused on the puppy, who was playfully "jumping and prancing about", she failed to observe the sharp edge of the first projecting rafter and "crashed" into it with great force, causing the injuries complained of. Plaintiff was five feet nine inches in height and struck the rafter on her forehead. Her head and neck were jerked back suddenly with great force. A physician who treated her testified that the chip fracture of the fifth cervical vertebra was caused by a sudden hyperextension of the neck tearing the bone loose from strong ligaments.

The trial court denied defendant's motion for a nonsuit made on the ground that the injury was proximately caused by plaintiff's own negligence, but thereafter found against plaintiff on this issue. Although denying plaintiff recovery,

the court found that she had expended $975 for nursing and medical attention, and that she was further damaged in the sum of $2,500. The court further found that defendant could not have anticipated that such an accident would result from the overhanging eaves.

The projecting eaves and rafters constituted an obstruction to the alleyway in the nature of a nuisance. By section 3479 of the Civil Code, and section 370 of the Penal Code, anything which unlawfully obstructs the free passage or use, in the customary manner, of any street or highway is a nuisance. No contention is made that Bluebird Lane is not an alley dedicated to public use. The prohibitions against unlawfully obstructing public streets and highways apply to public alleys. (Sec. 2618, Pol. Code; *Smith* v. *Smith*, 21 Cal. App. 378 [131 Pac. 890].) Eaves and rafters which project into a public street at a height between five and six feet above the street constitute a nuisance which the public authorities may abate as such. (Secs. 2731–2735, Pol. Code.)

Although frequently negligence and nuisance coexist, as where negligent acts create a nuisance, a nuisance and liability for injuries occasioned thereby may exist without negligence. (*Kafka* v. *Bozio*, 191 Cal. 746 [218 Pac. 753, 29 A. L. R. 833]; *Snow* v. *Marian Realty Co.*, 212 Cal. 622 [299 Pac. 720].) The obstruction in the case herein is *per se* a wrongful encroachment on a public street. The court's finding that defendant could not have anticipated that an accident would result from the projecting eaves and rafters might relieve her were negligence the basis of plaintiff's right of recovery, but it does not defeat liability arising from a condition which constitutes a nuisance irrespective of negligence in its creation or maintenance. In *Stockton Automobile Co.* v. *Confer*, 154 Cal. 402, 405 [97 Pac. 881], it is declared that "an individual who erects an unlawful obstruction to the free use of a highway, in its nature a nuisance, by reason of his wrongful act, is charged in law as an insurer against accident to a person properly traveling the highway and meeting injury by reason of such unlawful obstruction", citing *Barry* v. *Terkildsen*, 72 Cal. 254 [13 Pac. 657, 1 Am. St. Rep. 55]; *Colgrove* v. *Smith*, 102 Cal. 220 [36 Pac. 411, 27 L. R. A. 590]; *Spence* v. *Schultz*, 103 Cal. 208 [37 Pac. 220].

In the case herein the court holds that the proximate cause of plaintiff's injury was her own negligence and failure to exercise due care for her safety. There are statements in the decisions of other jurisdictions that contributory negligence is not a defense to an action based on nuisance. This doctrine seems to have had its origin in certain early New York cases. As thus broadly stated it has been repudiated by the New York court of appeals in *McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340 [160 N. E. 391, 57 A. L. R. 1]. (See, also, *O'Neill* v. *City of Port Jervis*, 253 N. Y. 423 [171 N. E. 694].) In the McFarlane case the plaintiff stumbled and fell upon a projection from the curb of a public street, formed when the cement of the pavement melted and ran. The trial court instructed the jury that contributory negligence, though proved, would not avail as a defense. Mr. Justice Cardozo, in writing the opinion reversing the trial court, pointed out that although the primary meaning of nuisance does not involve the element of negligence as one of its essential factors, situations arise where what was lawful in its origin may become a nuisance by negligence in maintenance, as where there is negligence in covering a coalhole built under license. Where the nuisance is of this type, that is, where it has its origin in negligence, a plaintiff may not avert the consequences of his own contributory negligence. The New York court held that the condition of the curb constituted a nuisance of this class. It had its origin in the negligent manner in which the pavement was constructed.

Although the New York court expressly confined its decision to nuisances having their origin in negligence, for the reason that nothing more was called for by the facts, the court was careful to make it plain that in thus limiting its ruling it did not hold by implication that where the nuisance was absolute, as in the action brought by Mrs. Curtis, plaintiff herein, the negligence of the traveler on the street was of no account. By way of *dictum* the court suggests that as to all classes of nuisances the test may be whether plaintiff has exercised due care to avoid the consequences of the danger.

The question whether failure of the plaintiff to exercise due care to avoid injury is a defense in an action for personal injuries resulting from a street obstruction or excavation which constitutes a nuisance, does not seem to have been

decided in this state, although in several cases the availability of the defense is assumed. (*Western States etc. Co.* v. *Bayside L. Co.,* 182 Cal. 140 [187 Pac. 735]; *Barry* v. *Terkildsen, supra,* p. 256; *Spence* v. *Schultz, supra,* p. 211; *Williams* v. *San Francisco etc. Ry. Co.,* 6 Cal. App. 715, 725 [93 Pac. 122]; *McKune* v. *Santa Clara V. M. & L. Co.,* 110 Cal. 480 [42 Pac. 980]; *Michael* v. *Key System Transit Co.,* 98 Cal. App. 189, 194 [276 Pac. 591]; *Meindersee* v. *Meyers,* 188 Cal. 498 [205 Pac. 1078]; *County of Alameda* v. *Tieslau,* 44 Cal. App. 332 [186 Pac. 398].) Upon an analysis of the cases in other jurisdictions cited for the doctrine that contributory negligence is not a defense to actions based on nuisance, it will be found that in the main they do not bear out the proposition that a traveler may recover damages for injury arising from a street nuisance notwithstanding he has failed to exercise due care for his own safety.

The statement that contributory negligence is not a defense has frequently been made where acts of the plaintiff as well as acts of the defendant contributed to the creation or maintenance of the nuisance. Thus in *Bowman* v. *Humphrey,* 132 Iowa, 234 [109 N. W. 714, 11 Ann. Cas. 131, 6 L. R. A. (N. S.) 1111], the court's broad statement that the doctrine of contributory negligence has no proper application to an action to recover damages for nuisance was applied to a situation where plaintiff sued to recover damages from defendant for fouling a stream. The court held that the circumstances that plaintiff was also casting unwholesome material into the stream would not defeat his right to recover for so much of the damage as was fairly attributable to the defendant's wrong. If wholly independent of plaintiff's acts or omissions the effect of defendant's acts or omissions is to injure plaintiff, he may recover for such injury. A question of apportioning the damage is involved in these cases. (See *Correll* v. *City of Cedar Rapids,* 110 Iowa, 333 [81 N. W. 724]; *Randolf* v. *Town of Bloomfield,* 77 Iowa, 50 [41 N. W. 562, 14 Am. St. Rep. 268]; *Philadelphia & R. R. Co.* v. *Smith,* 64 Fed. 679 [27 L. R. A. 131].) We do not herein approve the rule of said cases (see *Carter* v. *Choliner,* 210 Cal. 288, 291 [291 Pac. 577]), but merely cite them for the light they throw on the basis and extent of the doctrine that contributory negligence is not a defense in actions founded on nuisance.

The cases holding that plaintiff is not under a duty to minimize the nuisance, as by keeping his windows closed against noisome smells, or by filtering polluted water, have also been cited as involving an application of the rule that contributory negligence is not a defense, as have the cases which lay down the rule that a complainant is not barred from recovery where he purchases property or establishes his residence in the vicinity of a pre-existing nuisance. (*Bowman* v. *Humphrey, supra,* and note in 11 Ann. Cas. 134, appended thereto.)

In our own decision in *Kafka* v. *Bozio, supra,* it is held that in an action to *abate* a nuisance the fact that plaintiff has suffered property damage therefrom to which his own negligence contributed is no defense against the remedy by abatement, since plaintiff's negligence gives defendant no right to continue to maintain a nuisance. It was expressly stated in that case that this court was not to be understood as deciding that if plaintiff's negligence proximately contributed to injure his building it would not be a defense and bar to an action for damages for such injury.

Cases involving these several applications of the doctrine that contributory negligence is not a defense in nuisance actions are collected in a note in 57 American Law Reports 7, appended to the report of the decision of the New York Court of Appeals in *McFarlane* v. *City of Niagara Falls, supra.* From our examination of the cases therein cited and others, we are unable to find that there exists, either at common law or in modern jurisprudence, a well-defined rule that one who sustains injury from a street obstruction or excavation which constitutes a nuisance may recover notwithstanding his failure to exercise due care for his own safety. Where the nuisance has its origin in negligence, as where a street curb is constructed and maintained by a city with a dangerous projection, or where a pile of building materials or an excavation created under license is maintained in a negligent and improper manner, *McFarlane* v. *City of Niagara Falls, supra,* the leading case on the subject, expressly holds that one who sustains injury by reason of his own failure to exercise due care cannot recover. We are of the view that the same rule should prevail where the nuisance is absolute and exists without regard to negligent acts or omissions of the defendant. Indeed, there may be

stronger reasons in a given case for relieving the defendant of liability for injuries to which the plaintiff's conduct proximately contributed in the case of an absolute nuisance, where defendant is liable although he may have been free from negligence, than where the nuisance arises from negligent acts or omissions. In the case herein the garage was already built when defendant acquired the property. The court found that defendant could not have anticipated that an accident would result. She alleged in her answer that she did not know that the eaves projected beyond her property line, and this belief is reasonable, especially in view of the fact that the line of fences and curbs along the alley is broken and somewhat irregular.

In the appeal in the instant case plaintiff contends that contributory negligence, if available as a defense in the action herein, would not bar her recovery on the record presented. Her contention is that the evidence demonstrates, as a matter of law, her freedom from contributory negligence. On this issue the trial court found against her. The court found that there was no sufficient excuse or reason for her failure to observe the garage and to avoid striking her head against the roof thereof. There was testimony of one witness to the effect that plaintiff had admitted that she struck her head while in the driveway in front of defendant's garage and on defendant's property, rather than in the alleyway. But in view of the court's finding that she struck her head ''while walking and running *along said alleyway*'', this testimony must be deemed to have been rejected. Nevertheless, we are of the view that in the circumstances related, the question of whether plaintiff was guilty of contributory negligence was for the jury, or, in the absence of a jury, for the trial court, and that as an appellate court we cannot overturn the decision without usurping the function of the trial court.

The pleadings were sufficient to raise the issue of contributory negligence. (*Hoffman* v. *Southern Pac. Co.*, 84 Cal. App. 337, 344 [258 Pac. 397].) Furthermore, where the plaintiff's contributory negligence appears from the evidence offered in his behalf, the plea is available to the defense although not pleaded in the answer. (*Hoffman* v. *Southern Pac. Co., supra; Hoy* v. *Tornich*, 199 Cal. 545, 551 [250 Pac. 565]; *Queirolo* v. *Pacific Gas & Elec. Co.*, 114

Cal. App. 610, 614 [300 Pac. 487] ; *Gundry* v. *Atchison, T. & S. F. Ry. Co.*, 104 Cal. App. 753, 762 [286 Pac. 718].)

The judgment is affirmed.

Langdon, J., Waste, C. J., Thompson, J., and Shenk, J., concurred.