[Civ. No. 11929.   First Dist., Div. Two.   Mar. 30, 1942.]

MABEL CALDER, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Defendants; J. A. DeVECMON, Respondent.

James C. Purcell and William E. Ferriter for Appellant.

Hoge, Pelton & Gunther and A. Dal Thomson for Respondent.

SPENCE, J.—Plaintiff sought damages against the defendant property owner for personal injuries sustained when she fell in the driveway leading to the private garage in the basement of one of defendant's cottages. The jury returned a verdict in favor of defendant and from the judgment entered upon said verdict, plaintiff appeals.

Defendant was the owner of the business premises on the northeast corner of La Playa and Judah Streets in San Francisco and he also owned the two adjoining cottages on La Playa Street. He purchased the property in question in 1934 with the improvements thereon. The area between the curb and the property line on La Playa Street was fifteen feet in width. In 1934 this fifteen foot area in front of the business premises was entirely covered with a concrete sidewalk. For the remainder of the block and in front of the two cottages, there was only the ordinary six foot concrete sidewalk, which was located approximately three feet from the curb and six feet from the property line. The area on either side of the six foot sidewalk consisted of sandy soil covered with weeds. There was a garage in the basement of each of the two cottages. Access to said garages was obtained by driveways which sloped slightly upward from the curb to the six foot sidewalk and sloped slightly downward from said sidewalk to the property line. These driveways were likewise constructed of concrete and the gradual incline downward from the sidewalk to the property line was such that the driveways were ten inches below the level of the sidewalk at the property line.

After purchasing said premises, defendant made extensive improvements on all of the buildings. The driveways leading to the cottages were not changed but, in order to eliminate the dirt and the weeds, defendant covered with concrete practically all of the area between the curb and the six foot concrete sidewalk and between said sidewalk and the property line. Several small areas were left open for planting between the original six foot sidewalk and the property line. Shrubs were planted in said open areas.

On the night of the accident, plaintiff and her escort left their automobile at the curb near the driveway of the second cottage. They walked to the business premises on the corner where they had something to eat. On the return to the automobile plaintiff's escort went directly to their automobile but plaintiff walked near the property line and fell as she stepped into the portion of the driveway of the second cottage between the original six foot sidewalk and the property line.

Plaintiff filed her complaint alleging that the construction and maintenance of the above described depressed area for driveway purposes "constituted a public nuisance." Defendant denied the allegations of the complaint and affirmatively alleged that plaintiff was guilty of contributory negligence. The trial court instructed the jury on the issues of nuisance, negligence and contributory negligence and the jury returned its verdict in favor of defendant.

Plaintiff's attack is directed solely at the instructions given by the trial court. It is not claimed that the evidence was insufficient to sustain the verdict. The proposition stated in the heading in plaintiff's brief is "In a case founded on nuisance, is it proper to instruct that negligence of defendant is a prerequisite to liability?"

While it is true that "a nuisance and liability for injuries occasioned thereby may exist without negligence" (*Curtis* v. *Kastner*, 220 Cal. 185, 188 [30 Pac. (2d) 26]), it is likewise true that "The torts of negligence and nuisance may be, and frequently are, coexisting and practically inseparable. . . . A nuisance in many, if not in most, instances, especially with respect to buildings or premises, presupposes negligence." (*Foley* v. *H. F. Farnham Co.*, 135 Me. 29 [188 Atl. 708]; see also 46 C. J. 663.) And when a claim of liability is predicated upon either the theory of nuisance or the theory of negligence, the defense of contributory negligence is available to the defendant. (*Curtis* v. *Kastner, supra.*) This last mentioned fact further emphasizes the close relationship existing between these two theories of liability.

Here the complaint was drawn upon the theory of nuisance rather than upon the theory of negligence. Plaintiff states that she "did not attempt to produce any evidence to show negligence in the construction of the driveway." Nevertheless the trial proceeded in much the same manner as though negligence had been specifically alleged. The trial court gave numerous instructions covering both the theory of nuisance and the theory of negligence. Among said instructions were certain so-called stock instructions customarily used in negligence cases, which instructions indicated, when read alone, that unless the jury found that defendant was negligent, the verdict should be in favor of defendant. It is the giving of these last mentioned instructions which is assigned by plaintiff as error. We may assume, without deciding, that the giving of said instructions would have constituted prejudicial error under certain circumstances but the question re-

mains as to whether the giving of said instructions constituted prejudicial error under the circumstances presented by the record before us.

■ Not every obstruction or depression, constructed or maintained by a property owner in the area between the curb and the property line, constitutes a nuisance. Under the code definition a nuisance is declared to be anything which unlawfully obstructs the free use, of such street "in the customary manner." (Civil Code, section 3479.) It seems to be conceded here that the question of whether the construction or maintenance of the driveway in question constituted a nuisance was a question of fact for the jury. In McQuillan on Municipal Corporations, second edition, volume 4, page 114, section 1438, it is said that no absolute rule can be stated and that "The final question is: Are the obstructions or encroachments involved unreasonable and against the public rights and general welfare?" And after discussing whether the construction or maintenance of cornices, awnings, shade trees, hitching posts, steps and the like constituted nuisances, the court said in *Pickrell* v. *City of Carlisle,* 135 Ky. 126 [121 S. W. 1029 at page 1032, 24 L. R. A. (N.S.) 193], "The question always comes back to the point: 'Are they unreasonable, and do they make the street unsafe for public use?' " The major factor in the test on the question of nuisance in such cases is therefore the factor of reasonableness and, for all practical purposes, the same factor of reasonableness is the major factor in test on the question of negligence.

■ As we view the situation presented by this record, a finding by the jury of nuisance would have necessarily presupposed a finding of negligence on the part of the defendant. Under these circumstances, we find no prejudicial error in the giving of the challenged instructions.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1942. Carter, J., voted for a hearing.